1

2

3                                                          O

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  FERNANDO MIRANDA,            )    Case No. EDCV 13-00034-VAP
                                 )    (OPx)
12               Plaintiff,      )
                                 )    **ORDER DISMISSING COMPLAINT**
13        v.                     )    **WITH PREJUDICE AND VACATING**
                                 )    **HEARING**
14  CHASE MANHATTAN MORTGAGE     )
    CORPORATION, NORTHWEST       )    **[Motion filed on**
15  TRUSTEE SERVICES, INC.,      )    **January 11, 2013]**
    AND DOES 1 - 20              )
16  INCLUSIVE,                   )
                                 )
17               Defendants.     )
    _____ )

18

19

20        Before the Court is a Motion to Dismiss filed by

21  JPMorgan Chase Bank, N.A. ("JPMorgan"), as successor by

    merger to Chase Manhattan Corporation ("Chase Manhattan")
22
    (Doc. No. 8) ("Motion").[1]  The Motion was filed on
23
    January 11, 2013.  The Motion is unopposed.
24

25  _____

26       [1]On January 21, 2013, Defendant Northwest Trustee
    Service, Inc. ("Northwest") filed a request for joinder
27  in the Motion (Doc. No. 10).  As JPMorgan nor Plaintiff
    oppose the request, joinder is granted and the Court will
28  consider the Motion to have been made on behalf of
    Northwest as well.  JPMorgan and Northwest are referred
    to collectively as the "Defendants."

While Plaintiff's failure to file an opposition is consent to granting the Motion (see L.R. 7-12), the Court resolves the Motion on the merits.

The Court finds the Motion appropriate for resolution without a hearing, and accordingly vacates the February 25, 2013 hearing.  See Fed. R. Civ. P. 78; Local R. 7-15. After consideration of the papers in support of the Motion, the Court GRANTS the Motion, and DISMISSES the Complaint WITH PREJUDICE.

## I. BACKGROUND

**A.  Judicial Notice**

Defendants filed a request for judicial notice with their Motion (Doc. No. 8) (the "Request").  Defendants request the Court take notice of the following eight documents: (1) a grant deed, recorded on March 25, 2002 (Ex. 1 to Request) (the "Grant Deed"); (2) a deed of trust, recorded on April 15, 2003 (Ex. 2 to Request) (the "Deed of Trust"); (3) a substitution of trustee, recorded on January 25, 2010 (Ex. 3 to Request) (the "Substitution of Trustee"); (4) a notice of default and election to sell the property at issue, recorded on January 25, 2010 (Ex. 4 to Request) (the "Notice of Default and Election to Sell the Property"); (5) a notice of trustee's sale, recorded on May 3, 2010 (Ex. 5 to Request) (the "Notice of Trustee's Sale I"); (6) a notice of trustee's sale,

1    recorded on April 25, 2012 (Ex. 6 to Request) (the
2    "Notice of Trustee's Sale II"); (7) the complaint filed
3    in the first action ("First Action") by Plaintiff on June
4    4, 2012 (Ex. 7 to Request) ("First Complaint"); (8) the
5    notice of removal in the First Action (Ex. 8 to Request)
6    ("First Notice"); (9) the pleadings and papers filed in
7    support of JPMorgan's motion to dismiss in the First
8    Action (Ex. 9 to Request) ("First Motion"); (10) the
9    Court's order granting the motion to dismiss in the First
10   Action (Ex. 10 to Request) ("First Order"); and (11) the
11   judgment entered by the Court dismissing the First
12   Complaint (Ex. 11 to Request) ("First Judgment").

13

14        A court may take judicial notice of court filings and
15   other matters of public record.  See Reyn's Pasta Bella,
16   LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir.
17   2006) (citing Burbank-Glendale-Pasadena Airport Auth. v.
18   City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998)).
19   Defendants have provided a reference number for each
20   document related to the Property, showing that they were
21   in fact recorded; this demonstrates that the documents
22   are public records.  See Grant v. Aurora Loan Servs.,
23   Inc., 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010);
24   Velazquez v. GMAC Mortg. Corp., 605 F. Supp. 2d 1049,
25   1057–58 (C.D. Cal. 2008).  Accordingly, the Court GRANTS
26   judicial notice of these documents.

27

28

**B.   Factual Background**

The real property that is the subject of this action is located in Loma Linda, California (the "Property"). On March 25, 2002, Plaintiff Fernando Miranda obtained title to the Property via the Grant Deed.  (Ex. 1 to Request.)  On April 15, 2003, Plaintiff obtained a residential loan in the amount of $194,268 (the "Loan") secured by the Deed of Trust, and Chase Manhattan was the lender.  (Ex. 2 to Request.)  On January 25, 2010, the Substitution of Trustee was recorded.  (Ex. 3 to Request.)  On January 25, 2010, Northwest (agent for Chase Manhattan) recorded the Notice of Default and Election to Sell the Property.  (Ex. 4 to Request.)  On May 3, 2010, the Notice of Trustee's Sale I was recorded, notifying Plaintiff that the Property would be sold on May 24, 2010.  (Ex. 5 to Request.)  On April 25, 2012, the Notice of Trustee's Sale II was recorded, notifying Plaintiff that the Property would be sold on May 16, 2012.  (Ex. 6 to Request.)

On or about June 4, 2012, Plaintiff initiated the First Action by filing the First Complaint in California Superior Court.  (Ex. 7 to Request.)  Plaintiff asserted ten claims, all in connection with the Property.[2]  (Id.)

_____

[2]The ten claims asserted in the First Complaint: (1) lack of standing to foreclose; (2) fraud in the concealment; (3) fraud in the inducement; (4) intentional infliction of emotional distress; (5) quiet title; (6) (continued...)

4

1   On July 6, 2012, JPMorgan removed the First Action to
2   this Court (case number EDCV12-01109).  (Ex. 8 to
3   Request.)  On July 12, 2012, JPMorgan moved to dismiss
4   the First Complaint.  (Ex. 9 to Request.)  On September
5   27, 2012, the Court granted JPMorgan's First Motion on
6   the merits.  (Ex. 10 to Request.)  On the same day, the
7   Court entered judgment dismissing Plaintiff's First
8   Complaint with prejudice.  (Ex. 11 to Request.)
9
10       On December 3, 2012, Plaintiff filed a complaint in
11   California Superior Court (the "Second Complaint"),
12   initiating this action (the "Second Action").  (Ex. 1 to
13   Declaration of Patrick R. Mahoney ("Mahoney Declaration")
14   (Doc. No. 3).)  Plaintiff asserts six claims in the
15   Second Complaint: (1) violation of Cal. Civ. Code §
16   2923.5 ("First Claim"); (2) fraud ("Second Claim"); (3)
17   intentional misrepresentation ("Third Claim"); (4)
18   violation of Cal. Civ. Code § 2923.6 ("Fourth Claim");
19   (5) violation of Cal. Civ. Code § 1572 ("Fifth Claim");
20   and (6) violation of Cal. Bus. & Prof. Code § 17200
21   ("Sixth Claim").
22
23       On January 4, 2013, JPMorgan removed the action to
24   this Court.  (See Not. of Removal (Doc. No. 1) ("Second
25
26   _____
27       [2](...continued)
     slander of title; (7) declaratory relief and injunctive
     relief; (8) violations of TILA; (9) violations of RESPA;
28   and (10) rescission.  (Ex. 7 to Request.)

1  Notice").)  On January 11, 2013, JPMorgan filed the
2  instant Motion.  Plaintiff, appearing pro se, has not
3  filed an opposition.[3]

4

5                      **II. LEGAL STANDARD**

6       Federal Rule of Civil Procedure 12(b)(6) allows a
7  party to bring a motion to dismiss for failure to state a
8  claim upon which relief can be granted.  Rule 12(b)(6) is
9  read in conjunction with Rule 8(a), which requires only a
10 short and plain statement of the claim showing that the
11 pleader is entitled to relief.    Fed. R. Civ. P. 8(a)(2);
12 Conley v. Gibson, 355 U.S. 41, 47 (1957) (holding that
13 the Federal Rules require that a plaintiff provide "'a
14 short and plain statement of the claim' that will give
15 the defendant fair notice of what the plaintiff's claim
16 is and the grounds upon which it rests.") (quoting Fed.
17 R. Civ. P. 8(a)(2)); Bell Atl. Corp. v. Twombly, 550 U.S.
18 544, 555 (2007).  When evaluating a Rule 12(b)(6) motion,
19 a court must accept all material allegations in the
20 complaint — as well as any reasonable inferences to be
21 drawn from them — as true and construe them in the light
22 most favorable to the non-moving party.  See Doe v.
23 United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC
24 Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096

25 _____

26      [3]On February 7, 2013, Plaintiff filed a First Amended
   Complaint (Doc. No. 14) ("FAC").  The FAC was struck by
27 the Clerk for being untimely.  (See Doc. Nos. 15 and 16.)
   In any event, the FAC only alleges one additional claim,
28 and is substantially similar to the Complaint.

1   (9th Cir. 2005); <u>Moyo v. Gomez</u>, 32 F.3d 1382, 1384 (9th

2   Cir. 1994).

3

4          "While a complaint attacked by a Rule 12(b)(6)

5   motion to dismiss does not need detailed factual

6   allegations, a plaintiff's obligation to provide the

7   'grounds' of his 'entitlement to relief' requires more

8   than labels and conclusions, and a formulaic recitation

9   of the elements of a cause of action will not do."

10  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  Rather,

11  the allegations in the complaint "must be enough to raise

12  a right to relief above the speculative level."  <u>Id</u>.

13

14         To survive a motion to dismiss, a plaintiff must

15  allege "enough facts to state a claim to relief that is

16  plausible on its face."  <u>Twombly</u>, 550 U.S. at 570;

17  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949

18  (2009).  "The plausibility standard is not akin to a

19  'probability requirement,' but it asks for more than a

20  sheer possibility that a defendant has acted unlawfully.

21  Where a complaint pleads facts that are 'merely

22  consistent with' a defendant's liability, it stops short

23  of the line between possibility and plausibility of

24  'entitlement to relief.'"  <u>Iqbal</u>, 129 S. Ct. at 1949

25  (quoting <u>Twombly</u>, 550 U.S. at 556).  Recently, the Ninth

26  Circuit clarified that (1) a complaint must "contain

27  sufficient allegations of underlying facts to give fair

28

notice and to enable the opposing party to defend itself
effectively," and (2) "the factual allegations that are
taken as true must plausibly suggest an entitlement to
relief, such that it is not unfair to require the
opposing the party to be subjected to the expense of
discovery and continued litigation."  Starr v. Baca, 652
F.3d 1202, 1216 (9th Cir. 2011).

Although the scope of review is limited to the
contents of the complaint, the Court may also consider
exhibits submitted with the complaint, Hal Roach Studios,
Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19
(9th Cir. 1990), and "take judicial notice of matters of
public record outside the pleadings," Mir v. Little Co.
of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

### III. DISCUSSION

Defendants argue that the Complaint should be
dismissed on the basis of res judicata.  (Mot. at 5.)

Res judicata prohibits lawsuits on "any claims that
were raised or could have been raised" in a prior action.
Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708,
713 (9th Cir. 2001).  "Res judicata applies when there
is: '(1) an identity of claims; (2) a final judgment on
the merits, and (3) identity or privity between

8

1  parties.'" <u>Stewart v. U.S. Bancorp.</u>, 297 F.3d 953, 956

2  (9th Cir. 2002) (quoting <u>Owens</u>, 244 F.3d at 713)).

3

4      Courts consider four factors in determining whether

5  there is an identity of claims: "(1) whether rights or

6  interests established in the prior judgment would be

7  destroyed or impaired by prosecution of the second

8  action; (2) whether substantially the same evidence is

9  presented in the two actions; (3) whether the two suits

10  involve infringement of the same right; and (4) whether

11  the two suits arise out of the same transactional nucleus

12  of facts." <u>Turtle Island Restoration Network v. U.S.</u>

13  <u>Dep't of State</u>, 673 F.3d 914, 917-18 (9th Cir. 2012)

14  (citing <u>Costantini v. Trans World Airlines</u>, 681 F.2d

15  1199, 1201-02 (9th Cir. 1982)).  The fourth factor --

16  whether the two suits arise out of the same transactional

17  nucleus of facts -- is the "central criterion." <u>Frank v.</u>

18  <u>United Airlines, Inc.</u>, 216 F.3d 845, 851 (9th Cir. 2000)

19  (citation omitted); <u>see also</u> <u>Owens</u>, 244 F.3d at 714.

20

21      Here, the First and Second Actions arise out of the

22  same transactional nucleus of facts.  Both suits concern

23  the alleged wrongdoings by Defendants regarding

24  foreclosure of the Property.  (<u>Compare</u>, <u>e.g.</u>, First

25  Complaint ¶ 2 ("Plaintiff . . . disputes the title and

26  ownership of the [Property] . . . in that the originating

27  mortgage lender [Chase Manhattan], and others alleged to

28

have ownership, have unlawfully sold, assigned and/or transferred their ownership and security interest"), id. at 23 (Defendants "do not have the right to foreclose on the Property because [they] have failed to perfect any security interest in the Property") and id. at ¶ 45 (Defendants "fraudulently attempt[ed] to foreclose on a property in which they have no right, title, or interest") with Second Complaint ¶ 9 ("none of these alleged beneficiaries or representatives on the Notice of Default and/or Notice of trustee sale can prove that they have the authority to conduct the foreclosure"), id. at 29 ("Defendants have no standing to enforce a non-judicial foreclosure") and id. at 37 (Defendants "intentionally and fraudulently converted Plaintiffs' right, title and interest to this property, and any equity therein").)

The rights and interests allegedly infringed in both actions are the same: Plaintiff's rights and interest in the Property.  Moreover, the rights established in the First Order would be destroyed by prosecuting the Second Complaint.  Specifically, the Court dismissed Plaintiff's claims, which involved the legitimacy of the foreclosure. If the Second Action was allowed to proceed, Defendants would be forced to re-litigate the same issues as the First Action.  Specifically, the First, Fourth, Fifth, and Sixth Claims seek to invalidate the foreclosure

proceedings in connection with the Property, an issue that was litigated and resolved in the First Action. (<u>See</u> Ex. 7 to Request at 11-12.)  The Second and Third Claims are similar to the fraud claims brought in the First Action.  (<u>See</u> <u>id.</u> at 10-11.)  All six of these claims <u>could have been</u> raised in the First Action.

Accordingly, there is an identity of claims between the First and Second Actions.

Next, there is a final judgment on the merits as the Court dismissed the First Complaint, with prejudice, on September 27, 2012.  (<u>See</u> Exs. 10-11 to Request.)

Finally, there is privity between the parties as the same Plaintiff is suing the same two defendants in both actions.

Accordingly, res judicata applies, and the Complaint is dismissed with prejudice.

1

2                        **IV. CONCLUSION**

3        For the reasons set forth above, the Court GRANTS

4   Defendants' Motion, and DISMISSES WITH PREJUDICE

5   Plaintiff's Complaint, without leave to amend.

6

7

8

9

10

11  Dated: <u>February 20, 2013</u>
                                    _____
12                                       VIRGINIA A. PHILLIPS
                                    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28